| 65 | 111 |
| 69 | 475 |

</div>

## LAWRENCE BROWN v. PATERSON PARCHMENT PAPER COMPANY.

### Argued February 28, 1900—Decided June 11, 1900.

Plaintiff was injured while working upon a machine of the defendant, his employer. His description, on the witness-stand, of the way in which the accident happened was uncorroborated by any other evidence in the case, and the automatic working of the machine made it almost impossible that the plaintiff's description could be true. In addition it was absolutely contradictory of the story as told by him immediately after its occurrence. *Held*, that a verdict in his favor, which rested for its support upon the conclusion that the accident occurred in the manner testified to by him, could not be supported.

On rule to show cause.

Before Depue, Chief Justice, and Justices Van Syckel and Gummere.

For the plaintiff, *William W. Watson.*

For the defendant, *Eugene Stevenson.*

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff, a boy between fourteen and fifteen years of age, sues to recover for the loss of his arm, which occurred while he was operating a machine belonging to the defendant, his employer.

The machine in question was a printing press, containing a heavy bed upon which the type form was placed, and which moved up and down against a platen over which the paper passed to receive its impression.   After receiving the impression the paper moved on through a box containing bronze powder, which, adhering to the pattern upon the paper, made the finished product—a gilded design.   The type upon the bed was fed by means of two rollers which moved down and then up, automatically, over the form, while the bed and platen were separated, and received their supply of material from a distributing cylinder above and behind the bed.   This material, used to make the impression, was a sticky substance which caused the bronze to adhere to the printed pattern. It was proved on the part of the plaintiff that he was instructed that, whenever the pattern upon the paper looked blurred as it left the bronzing box, he should throw a powder upon the rollers as they were moving up and down.   This powder was composed of soapstone, and its object was to absorb any excess of moisture on the paper after it had received its impression, so that no superfluous bronze would stick to the surface.

The plaintiff's statement of the way in which the accident happened was that while he was powdering the rollers they gave a sudden jump, and by reason of their sticky condition caught his hand and pulled it down between the platen and the bed of the machine, and that, being unable to withdraw his hand, they came together and crushed his arm.

The story told by the plaintiff of the way in which the accident happened is entirely uncorroborated, and the movement

of the machine makes it very difficult to believe that it occurred in the manner which he describes; for, if his hand was caught by, and adhered to, the rollers, by reason of their sticky condition, and so was drawn down by them along the face of the bed as they went down it, it seems impossible to avoid the conclusion that it would either have been drawn back again by them on their return journey over the top of the bed or else have been released by them during their transit.

In the former event the accident could not possibly have happened in the way related by him, and in the latter event it could only have happened by his carelessly failing to withdraw his arm from danger after it was released from the rollers.

Moreover, his testimony on the witness-stand is directly contradictory of the story told by him of the way in which the accident occurred, immediately afterward, to two of his fellow-employes, and to the physician who attended him. To each of them he stated that the paper was turned up, or torn, and that he put his hand in the press to fix it and got caught.

If this latter statement was a true description of the way in which the accident happened, then it was solely the result of his own negligence, for the danger to be apprehended from such an act must have been perfectly obvious to the plaintiff, notwithstanding his youthfulness.

Our examination of this case leads us to the conclusion that the plaintiff has failed to establish the liability of the defendant, by a preponderance of the evidence, and that, therefore, the rule to show cause should be made absolute.